USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ No. 94-2129 CANAL INSURANCE COMPANY, Plaintiff, Appellee, v. CAROLINA CASUALTY INSURANCE COMPANY, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Michael A. Ponsor, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________ ____________________ Jeffrey S. Stern with whom Sugarman, Rogers, Barshak & Cohen was ________________ __________________________________ on brief for appellant. George R. Suslak with whom Stanton & Lang was on brief for _________________ ________________ appellee.  ____________________ July 13, 1995 ____________________ ALDRICH, Senior Circuit Judge. By stipulation it _____________________ appears that in August 1988 a tractor-truck, hereinafter the accident truck, owned by Jean L. Burnell, but leased to R.H. Graves Trucking Company (Graves) and operated by a Graves employee, John Rowe, Jr., on Graves business, struck and injured one Jeanne Wing, a citizen of Massachusetts, where the accident occurred. Graves was a New Hampshire company and had a so-called package liability insurance policy issued by Carolina Casualty Insurance Company (Carolina) covering all listed trucks and, under certain terms, unlisted trucks. In August 1988, when the accident occurred, the accident truck was unlisted. It was, however, insured by Burnell by Canal Insurance Company (Canal). There were many endorsements on both policies, including, on the Carolina policy, only, an endorsement required by the Interstate Commerce Commission. Canal brought a declaratory judgment proceeding in the Massachusetts District Court against all of the above.1 In due course Wing settled all claims for $55,000. This was paid, one half each, by Canal and Carolina under an agreement that their respective claims against each other should be resolved by the court. Each company moved for summary judgment. The court ruled that the full $55,000 obligation was owed by Carolina because of the ICC endorsement, and that  ____________________ 1. Strictly, Wing was added by Carolina. -2- it should pay Canal for its advance. Carolina appeals. We reverse in part. The insurance companies are from Florida and South Carolina; the policies for some not apparent reason were written in Maine, and the present action was brought in Massachusetts. Graves was a New Hampshire company, and Burnell was a New Hampshire resident, and doubtless the trucks were registered there. We believe Massachusetts would consider the policies to be New Hampshire contracts. Cf. __ Searls v. Standard Accident Co., 316 Mass. 606, 608 (1944); ______ ______________________ Lee v. New York Life, 310 Mass. 370, 373; Bi-Rite Enterprises ___ _____________ ___________________ v. Bruce Miner Co., Inc., 757 F.2d 440, 443 (1st Cir. 1985). _____________________ The ICC endorsement, of course, must be governed by federal law. The Carolina Policy ___________________ The Carolina policy covered unlisted trucks for 30 days after Graves acquisition, and then longer, under certain conditions, one of which was notice within the 30 days. None had been given for the accident truck. It is irrelevant that it might otherwise have qualified; lack of notice conclusively excluded it, except for the ICC endorsement, post. ____ The Canal Policy ________________ The Canal policy, by an endorsement, purports not to cover lessees. By a second endorsement, hereinafter the -3- New Hampshire endorsement, it does cover them. Of this more later.2 The ICC Endorsement ___________________ The ICC Insurance Branch requires a licensed interstate hauler's insurer, such as Carolina, to assume liability for all its hauler's truck accidents (up to $750,000) irrespective of the policy coverage, or whether the hauler has paid individual premiums on that truck. The various circuits have taken three different views of this situation. See Empire Fire & Marine Ins. Co. v. Guaranty ___ _______________________________ ________ National Ins. Co., 868 F.2d 357, 363 (10th Cir. 1989) (cases __________________ collected). We have taken none. On reflection, we consider the ICC endorsement to be, in effect, suretyship by the insurance carrier to protect the public -- a safety net -- but not insurance relieving Canal, or any other insurer. On the contrary, it simply covers the public when other coverage is lacking. The question comes, did Canal supply any? Canal Revisited _______________ For Canal's liability we are presented with two, on their face conflicting, endorsements, one embracing coverage for lessees, one excluding them. In her application for the  ____________________ 2. Carolina's claim that acts of the lessee imposed direct liability on Burnell as owner is meritless. Its attempt to invoke Mass. Gen. L. c. 231 85A, that any operator is prima facie an agent of the owner's, even if applicable to foreign owners and registrants, is conclusively answered by the stipulated facts. -4- policy Burnell had denied an intention to lease. The excluding endorsement recited that in consideration of the premium -- presumably reduced premium -- lessees were not included in the policy. At the same time the New Hampshire Financial Responsibility Law, N.H. RSA 259:61 I, provided that motor vehicle coverage (to the extent of $25,000) must be extended to all operators excepting those acting in violation of the owner's rights. Obligations imposed by the New Hampshire Financial Responsibility Law prevail over any contrary language in the policy. Universal Underwriters Ins. Co. v. Allstate Ins. _________________________________ _____________ Co., 134 N.H. 315, 318 (1991). Correspondingly, in fairness ___ to the insurer, beyond this the excluding policy terms should stand. Id. (Policy provision that all liability in certain __ instances would be considered "excess" invalid as to first $25,000 (only) called for by New Hampshire law). So here we resolve the conflict by holding that after the New Hampshire $25,000 payment the endorsement excluding lessees takes over. The New Hampshire rule is the same whether the injured party is claiming or the issue is between insurance companies. Universal Underwriters, 134 N.H. at 317. ______________________ It might be asked whether New Hampshire law should apply where the claiming event occurred in Massachusetts. The New Hampshire court has held location immaterial. Id.; __ Gay v. Preferred Risk Mutual Ins. Co., 114 N.H. 11 (1974). ___ _______________________________ -5- The facts in these cases are distinguishable, but we decline to initiate the question whether the New Hampshire legislature has power to compel a New Hampshire citizen to be financially responsible to an out-of-state resident injured out of state. It follows that Canal was responsible for this risk to the extent of $25,000, but as Carolina's ICC endorsement requires it to pick up the balance it must recompense Canal to the extent of $27,500 less $25,000, or $2,500. Reversed and remanded for further proceedings ___________________________________________________ consistent herewith. No costs. _______________________________ -6-